# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| GIORGI ONANASHVILI,<br><br>       Petitioner,<br><br>   v.<br><br>LUIS SOTO, *et al.*,<br><br>       Respondents. | Civil Action No. 26-1014 (JXN)<br><br>**MEMORANDUM AND ORDER** |

**NEALS**, District Judge

  Before the Court is Petitioner Giorgi Onanashvili's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention by immigration authorities without an individualized bond hearing (ECF No. 1) and Respondents' letter response (ECF No. 6). Also before the Court is a motion for *pro hac vice* admission of attorney Sergey Risko, Esq. to represent Petitioner in this matter. (ECF No. 5.)

  Petitioner, a citizen of Georgia, entered the United States without inspection in 2022. (ECF No. 6 at 1.) On February 5, 2026, Petitioner was arrested by Immigration Customs and Enforcement ("ICE") agents and has been detained since his arrest. (*Id.* at 1-2.) Following Petitioner's arrest and detention by ICE, he has not been afforded an individualized bond hearing because he is being held in mandatory detention under 8 U.S.C. § 1225(b)(2). (*Id.*)

  On February 8, 2026, the Court ordered Respondents to file an answer. (*See* ECF No. 3.) On February 22, 2026, Respondents filed a letter response. (ECF No. 6.)

  The Petition contends Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). (*See generally* ECF No. 1.) Respondents do not dispute the salient facts and acknowledge that here

they assert the same position they have in many other similar cases in this District, including the position they took before this Court in the recent matter *Fuentes Velasquez v. Noem*, No. 25-16797 (JXN). (*See* ECF No. 6.) In *Fuentes Velasquez*, Respondents argued DHS has implemented a new policy interpreting INA § 235, 8 U.S.C. § 1225(b)(2)(A), to require mandatory detention of noncitizens who entered the United States without admission or inspection and to render them ineligible for release on bond, a position that the Board of Immigration Appeals recently adopted in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *See Fuentes Velasquez*, No. 25-16797 (ECF No. 5).

In *Fuentes Velasquez*, this Court rejected *Hurtado's* interpretation of 8 U.S.C. § 1225(b)(2). *Fuentes Velasquez*, No. 25-16797 (ECF Nos. 8, 9). In a factually similar situation, the Court held that Fuentes Velasquez was unlawfully held in mandatory detention under § 1225(b)(2) and must be treated as being held under the discretionary authority of 8 U.S.C. § 1226(a). *See id.*

In *Fuentes Velasquez*, this Court explained the following:

> The issue of whether Petitioner is properly detained under § 1225(b) or § 1226(a) is similar to that of many cases in this District and around the country. "The line historically drawn between these two sections . . . is that section 1225 governs detention of non-citizens 'seeking admission into the country,' whereas section 1226 governs detention of non-citizens 'already in the country.'" *Martinez v. Hyde*, No. 25-cv-11613, 2025 WL 2084238, at *8 (D. Mass. July 24, 2025) (citing *Jennings*, 583 U.S. at 288–89); *see also Lopez-Campos v. Raycraft*, 2025 WL 2496379, at *8 (E.D. Mich. Aug. 29, 2025) ("There can be no genuine dispute that Section 1226(a), and not Section 1225(b)(2)(A), applies to a noncitizen who has resided in this country for over twenty-six years and was already within the United States when apprehended and arrested during a traffic stop, and not upon arrival at the border."). "[T]he provisions at issue here are mutually exclusive—a noncitizen cannot be subject to both mandatory detention under § 1225 and discretionary detention under § 1226 . . . ." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025).
>
> . . .
>
> For nearly 30 years, § 1225 has applied to noncitizens who are either seeking entry to the United States or have a close nexus to the border, and § 1226 has applied to

those aliens arrested within the interior of the United States. The Supreme Court in *Jennings* explicitly adopted this distinction, describing § 1225 as the detention statute for noncitizens affirmatively "seeking admission" into the United States, and § 1226 as the detention statute for noncitizens who are "already in the country." 583 U.S. at 289. And although the *Jennings* Court characterizes § 1225(b)(2) as the "catchall" detention provision for noncitizens who are "seeking admission," it identifies § 1226(a) as the "default rule" for the arrest, detention, and release of non-criminal aliens who are already present in the United States. *Id.* at 303.

The vast majority of courts confronting this precise issue have rejected Respondents' interpretation, as well as the BIA's interpretation in *Hurtado*, as contradictory to the plain text of § 1225.[1] *See*, *e.g.*, *Soto*, 2025 WL 2976572, at *7 (finding that § 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, "seeking admission" to the United States and not petitioners who have been residing in the United States); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947 at * 6 (D. Minn. Oct. 1, 2025) (noting that "the government's proposed interpretation of § 1225(b) [is] at odds with the context and structure of the provisions governing detention of noncitizens who are arriving at the border and those who are already present in the country"); *Zumba*, 2025 WL 2753496 at * 3 (noting that "up until July 8 the predominant form of detention authority for petitioner and other noncitizens arrested in the interior of the United States was § 1226(a)"); *Salazar v. Dedos*, No. 25-cv-835, 2025 WL 2676729 (D.N.M. Sept. 17, 2025); *Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910 (E.D. Cal. Sept. 23, 2025); *Roman v. Noem*, No. 25-cv-01684, 2025 WL 2710211 (D. Nev. Sept. 23, 2025); *Giron Reyes v. Lyons*, No. 25-cv-4048, 2025 WL 2712427 (N.D. Iowa Sept. 23, 2025); *Singh v. Lewis,* No. 25-cv-0096, 2025 WL 2699219 (W.D. Ky. Sept. 22, 2025); *Barrera v. Tindall*, No. 25-cv-541, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); *Hasan v. Crawford*, No. 25-cv-1408, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025); *Vazquez v. Feeley*, No. 2:25–cv–01542, 2025 WL 2676082 (D. Nev. Sept. 17, 2025); [collecting additional cases].

*Fuentes Velasquez*, No. 25-16797 (ECF No. 8 at 5-10).

Based on this Court's statutory interpretation in *Fuentes Velasquez*, No. 25-16797, the Court finds the facts asserted in the Petition establish Petitioner's detention is authorized only by 8 U.S.C. § 1226(a), and not § 1225(b)(2).

Additionally, Sergey Risko, Esq., who is seeking admission *pro hac vice*, has submitted a motion through local counsel of record, Carolina T. Curbelo, Esq., that contains a certified

---

[1] This Court is not required to defer to the BIA's interpretation of § 1225 because "[w]hen the meaning of a statute [is] at issue, the judicial role [is] to 'interpret the act of Congress, in order to ascertain the rights of the parties.'" *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 385 (2024) (quoting *Decatur v. Paulding*, 39 U.S. 497, 503 (1840)).

3

statement from Attorney Curbelo that comports with Local Civil Rule 101.1(c). (*See* ECF No. 5.) Attorney Curbelo affirms that Attorney Risko is admitted to practice before the courts of the State of New York and various District Courts, that he is a member in good standing, and that he is not subject to any disciplinary proceedings pending against him. (*Id.* at 2.) Accordingly, Attorney Risko will be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to Local Civil Rule 101.1(c). Accordingly,

**IT IS**, on this 24th day of February 2026,

**ORDERED** that the motion for *pro hac vice* admission of Sergey Risko, Esq. (ECF No. 5) is **GRANTED**; it is further

**ORDERED** that Sergey Risko, Esq., a member in good standing of the bar in the State of New York, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to L. Civ. R. 101.1(c); it is further

**ORDERED** that all pleadings, briefs, and other papers filed with the Court shall be signed by Carolina T. Curbelo, Esq., who is admitted to the Bar of this Court, and who shall be held responsible for said papers, for the conduct of the case, and the conduct of the attorney admitted *pro hac vice* pursuant to this Order; it is further

**ORDERED** that, unless previously paid for in the current calendar year, Sergey Risko, Esq., shall pay the annual fee to the New Jersey Lawyers' Fund for Client Protection in accordance with L. Civ. R. 101.1(c)(2) and New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order; it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(3), Sergey Risko, Esq., shall make a payment of $250.00 to the Clerk, United States District Court, within twenty (20) days from the date of the entry of this Order; it is further

**ORDERED** that Sergey Risko, Esq. shall be bound by the Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Civ. R. 103.1, *Judicial Ethics and Professional Responsibility*, and Local Rule 104.1, *Discipline of Attorneys*; it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(4), Sergey Risko, Esq., shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7, as amended; it is further

**ORDERED** that local counsel may file a request with the Clerk of the Court for *pro hac vice* counsel to receive electronic notifications in this matter, the form of which is available at the Court's website; it is further

**ORDERED** that the Petition (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that Respondents shall treat Petitioner as detained under 28 U.S.C. § 1226(a); it is further

**ORDERED** that, as soon as practicable but **no later than 7 days from the date of this Order**, Respondents shall provide Petitioner with an individualized bond hearing in accordance with 8 U.S.C. § 1226(a) before an immigration judge who shall assess whether he presents a flight risk or a danger to the community; it is further

**ORDERED** that within **three (3) days** of that bond hearing, Respondents shall file a written notice of the outcome of that proceeding with the Court; and it is finally

**ORDERED** the Clerk of Court shall serve a copy of this Order and the accompanying Opinion upon the parties electronically and **CLOSE** the case.

_____
HONORABLE JULIEN XAVIER NEALS
United States District Judge

5